**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| BENITO CHAVEZ VALADEZ and JORGE PALACIOS, | ) ) ) | 3:15-cv-00533-HDM-WGC |
| Plaintiffs, | ) ) | ORDER |
| vs. | ) ) | |
| STEPHEN A. STUART, MARIT ZIMMERMAN, WALTER L. HAITH, AL GELLMANN, JEH JOHNSON, and THE U.S. DEPARTMENT OF HOMELAND SECURITY, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Each plaintiff has pending before the Reno office of the U.S. Citizenship and Immigration Services ("USCIS") a Form I-485 application for adjustment of status. Plaintiffs assert that defendants have indicated they intend to deny the applications because some of their prior re-entries were not documented with either a stamp or a Form I-94. Plaintiffs argue that this requirement violates applicable standards. On October 27, 2015, plaintiffs filed a complaint seeking a writ of mandamus compelling defendants to process their applications without requiring a Form I-94 or a stamp. Plaintiffs' claims are asserted under 5 U.S.C. §

1

701 *et seq*. (the Administrative Procedures Act ("APA")), 28 U.S.C. § 1361 (writ of mandamus), and 8 U.S.C. § 1255 (adjustment of status).  Plaintiffs also invoke the court's jurisdiction under 28 U.S.C. §§ 1331 and 2201, neither of which provides a stand-alone claim for relief.  Defendants have moved to dismiss the complaint (#6).  Plaintiffs have opposed in part (#7), and defendants have replied (#8).

Initially, defendants moved to dismiss for failure to perfect service of process, arguing that plaintiffs did not serve the Attorney General as required under Federal Rule of Civil Procedure 4(i)(1)(B).  However, plaintiffs in response provided evidence that they served the Attorney General via certified mail, as required by the rule.  (*See* Opp'n Exs. 1-6).  Defendants do not rebut this evidence.  Accordingly, plaintiffs have perfected service of process as required by Rule 4.

Defendants also moved to dismiss plaintiffs' APA claim because there has been no final agency action and plaintiffs' claim for unlawful delay because the complaint fails to state such a claim.  Plaintiffs concede that both claims should be dismissed.

Plaintiffs' petition for a writ of mandamus seeks to compel defendants to process their applications without requiring a stamp or Form I-94.  Under 28 U.S.C. § 1361, the court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Defendants argue that the court lacks subject matter jurisdiction over this claim because applications for adjustment of status are committed to USCIS's

2

discretion.[1]  (Mot. 4-5 & n.2); 8 U.S.C. § 1255; § 1252(a)(2)(B)(ii).  Plaintiffs respond that defendants do not have discretion to ignore applicable standards and that doing so would violate a nondiscretionary duty.  It is clear from the record that defendants have not ignored or misapplied any nondiscretionary standards because they have not yet adjudicated plaintiffs' applications.[2]  See In re Freeman, 489 F.3d 966, 968 (9th Cir. 2007) (holding petition for writ of mandamus regarding adjustment of status application premature for appellate review).  Therefore any claim plaintiffs may have has been raised prematurely in plaintiffs' complaint for a writ of mandamus.

Finally, defendants argue that plaintiffs' claim under § 1255 – which governs adjustment of status – fails because § 1255 does not confer jurisdiction on the court and, in fact, under 8 U.S.C. § 1252(a)(2)(B)(I) the court lacks jurisdiction to review adjustment-of-status determinations.  Hassan v. Chertoff, 543 F.3d 564, 566-67 (9th Cir. 2008).  The Ninth Circuit has held that while the court may not review adjustment-of-status determinations based on discretionary grounds, decisions made on nondiscretionary grounds are subject to review.  Mamigonian v. Biggs, 710 F.3d 936, 943-45

---

[1] Plaintiffs assert that defendants did not move to dismiss the mandamus claim, but that is not correct.  They did.  (Mot. 5 n.2). Defendants assert in reply that plaintiffs did not respond to the motion to dismiss the mandamus claim, but that is not correct.  They did.  (Opp'n 3-4).

[2] While mandamus may sometimes be appropriate prior to adjudication of an adjustment-of-status application, such circumstances arise when USCIS has unreasonably delayed processing an application.  See Khan v. Johnson, 65 F. Supp. 3d 918, 924-25 (C.D. Cal. 2014).  Mandamus in such cases is based on a finding that USCIS has a statutory duty to process pending adjustment applications within a reasonable period of time, and that by failing to do so it has ignored a nondiscretionary duty.  Plaintiffs here are not claiming an unlawful delay in the processing of their application.

3

(9th Cir. 2013). However, even assuming the standards at issue here are nondiscretionary, such review would be pursuant to the APA and thus the court could review only final agency action. *See id.* at 945. Plaintiffs concede there has not been any final agency action in their cases. Therefore, the court agrees with defendants that the complaint cannot proceed on any claim under § 1255.

In accordance with the foregoing, the defendants' motion to dismiss (#6) is **GRANTED,** and plaintiffs' complaint is hereby **DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

DATED: This 9th day of March, 2016.

                                    /s/ Howard D. McKibben
                                    UNITED STATES DISTRICT JUDGE